IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SOPREMA, INC., | ) | CIVIL NO. 10-00188 ACK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BEACHSIDE ROOFING, LLC; | ) | |
| BODELL CONSTRUCTION COMPANY; | ) | |
| and A-1 MASTER ROOFING, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### ORDER RE CHOICE OF LAW

Generally, in deciding what state law to apply, a federal court applies the choice-of-law rules of the state in which it sits.  See Kohlrautz v. Oilmen Participation Corp., 441 F.3d 827, 833 (9th Cir. 2006).  "After a transfer pursuant to [28 U.S.C.] § 1404(a), however, 'the transferee district court generally must apply the state law that the transferor district court would have applied had the case not been transferred.'" Maluia v. Corrections Corp. of Am., Inc., Civ. No. 11-00735 SOM-BMK, 2012 WL 75052, at *3 (D. Haw. Jan. 10, 2012) (quoting Shannon-Vail Five Inc. v. Bunch, 270 F.3d 1207, 1210 (9th Cir. 2001)).  This includes the conflicts of law rules of the transferor court's forum state.  See Shannon-Vail Five Inc., 270 F.3d at 1210; Newton v. Thomason, 22 F.3d 1455, 1459 (9th Cir. 1994) (applying the choice-of-law rules of Illinois because the case was transferred under 28 U.S.C. § 1404(a) from the Northern District of Illinois).

Pursuant to Ohio law, the party asserting the law of another state applies "must show, at the outset, the existence of a genuine conflict between Ohio law and the law of the foreign jurisdiction." Sirlouis v. Four Winds Intern. Corp., 2012 WL 1068709, at *4 (N.D. Ohio Mar. 29, 2012) (citing Glidden Co. v. Lumbermens Mut. Cas. Co., 861 N.E.2d 109 (Ohio 2006)). Thus, A-1, who seeks to apply Hawaii law, has the burden of showing an actual conflict exists.

Consequently, A-1 (or any other party seeking the application of Hawaii law) may file supplemental briefing to address whether an actual conflict exist between Ohio and Hawaii law on the issues in this case.[1] Supplemental briefing should be filed by noon on Monday, May 21, 2012.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 16, 2012.

---

[1] The Court notes that, under Ohio law, courts generally apply Section 187 of the Restatement (Second) of Conflict of Laws, which provides a choice-of-law provision in a contract is given effect unless (1) "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice;" or (2) applying the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the issue and which would otherwise apply absent the choice-of-law provision. See Motor Co.-UAW Retirement Plan v. Wheatley, 2010 WL 2802758, at *12 (N.D. Ohio June 2, 2010).

At least one court has stated that Ohio law upholds choice of law clauses in a contract unless a party shows evidence of fraud or overreaching. See Korff v. Hilton Resorts Corp., 797 F. Supp. 2d 875, 880 (N.D. Ohio 2011) (citing Kennecorp Mortgage Brokers v. Country Club Convalescent Hosp., 610 N.E.2d 987, 989 (Ohio 1993)).



_____
Alan C. Kay
Sr. United States District Judge

Soprema, Inc. v. Beachside Roofing, et al., Civ. No. 10-00188 ACK-BMK: Order re Choice of Law.